Good morning and welcome to the Ninth Circuit. We'd also, Judge Hawkins and I, would like to welcome our colleague, Judge Pratt, from Iowa, Southern District of Iowa, sitting with us by designation. We have a lot of cases on the calendar. As many of you have been here before know, I'm actually pretty flexible, but I can't be very flexible today, so please watch the clock. If you are the appellant and it's yellow, that means you have two minutes left, and for either of you, the red, and you'll find this surprising, the red means stop. And you've actually run out of your time. So we'll start with the first case, United States v. Blick. You may proceed. May it please the Court. Tim Loroff on behalf of Appellant Richard Blick. I'd like to reserve five minutes of my ten minutes for rebuttal. Your Honors, the first thing I'd like to do is, while cramming last night, like a law student before finals, I discovered an opinion named U.S.B. Johnston, which at least one member of this panel will be familiar with, as she wrote. Could I just make a suggestion to you? Yes. And I've made it to other counsel this week. You come in with a new cite. Opposing counsel doesn't have it. We don't have it. Had you submitted a 28J letter last night, we would have read it. So just for future, it would be a lot easier for us. But please proceed. Thank you, Your Honor. It was a yes. I mean, I know it happens, because when you prepare, things happen. Yes. And it should have been found earlier. So I did give a copy to counsel this morning. U.S. v. Johnston, it was written by Your Honor. It's 789F3-934. It's a 2015 Ninth Circuit case. It directly deals with the issues in this case, multiplicity of convictions, double jeopardy issues. It was post Teague, which is important to me, because I know the government's relying on Teague to say that the plain error analysis in this case dictates that there is no prejudice to the defendant. In my response, I believe that both Chalaka, the case cited in my brief, and Johnston, the new case, which is a 2015 case, and Teague was a 2013 case, both of these cases. And, in fact, Johnston, the new case written by Judge McHugh, cites Teague. McHughan. I'm sorry? McHughan. McHughan. Excuse me, Your Honor. Cites the Teague opinion. So not only it can't be stated that the new case I'm citing, Johnston, somehow ignored Teague since Teague is actually in the written opinion and refers to it. And the reason I find Johnston and Chalaka important is because both of those cases say that a multiplicity violation of the double jeopardy standard is never a harmless error. And, in fact, there's one of the, in Chalaka, one of the headings in the written opinion that bluntly states multiplicity is not harmless error. The same event under the statute could be charged with either receipt or possession, correct? I'm sorry, Your Honor? The same event could be charged with either, right? Yeah, the error in this case is not that they were. They can be charged. The same event can, but not the same images, I believe. The multiplicity, the double jeopardy violation is if you charge receipt and possession and then you base it on the exact same conduct. In this case, there was a Samsung tablet and there was a laptop and there were other media devices. So the error wasn't that they couldn't be charged. They could be charged separately, and, in fact, they were. But isn't the difference in Johnston, I mean, we reversed at least one count because you basically, you couldn't come to the conclusion that they were based on the same conduct. But here, the tablet images that were, I mean, the images charged in count two were different than the images in count one, weren't they? Well, they were. So now what's the problem? Maybe I'm having trouble understanding that. Yes, they were different. Well, that is the issue. One, the indictment makes clear that they were different. The indictment is crystal on that, and that's the way it should be. Unfortunately, jury instruction, I believe it's 11, no, jury instruction 12, is not crystal clear on that. Jury instruction 12 did not track the superseding indictment and did not say to find the defendant guilty beyond a reasonable doubt of receipt that the images had to be separate from those on the Samsung tablet. Did you try the case? I did not. Okay. Did counsel who tried the case submit an alternative instruction? I do not believe. The answer is no, isn't it? That's correct, Your Honor. Okay. Or object to the one given? I believe he did not. Okay. That's why it's under plain error. That's under plain error. Yeah, correct. Mr. Lavarock, didn't the prosecutor go through? We're talking about Samsung count one, and count two we're talking about Dell, Acos account, and Dropbox. Yes. What more do you need? Well, they went through that in opening and closing. Unfortunately, they were also instructed that that's not evidence. The judge instructed. But didn't the government witnesses so testify? I mean, the prosecutor did make up the closing out of thin air. He was reciting or she was reciting what was in the record. Well, that's true, Your Honor. But then how is the jury? The jury has to be instructed by the court to say these have to be separate images, and they weren't. They were instructed there has to be separate conduct in a nebulous generic sense, but they weren't instructed these images have to be separate from what's on the Samsung tablet. And that's why plain error has real meaning in this case, doesn't it? Yes, it does. Because that was not done. We do not know what the jury's verdict was based on. And the government, again, tries to raise this negative implication, they call it, saying, well, it says Samsung during Instruction 11, and it says it didn't count one of the superseding indictment. But the problem is, jury Instruction 12 does not say it, does not track the indictment, and it does not refer to other images other than the Samsung tablet. Do you want to reserve your right? I do. Thank you, Your Honor. Thank you. Good morning, Your Honors, and may it please the Court. I'm Teal Miller on behalf of the United States. I can confirm that counsel did give me a copy of the Johnston decision. I appreciate that. And I had a chance to review it. There's a simple way to reconcile Davenport through Johnston and Shalaka on the one hand and Teague on the other, and that's looking at the indictment. When the government charges separate conduct, and counsel has conceded that we did so here and that it was crystal clear that count one applied to images on the Samsung tablet and that count two applied to images on the Dell computer, the Asus laptop, and the Dropbox account, then the inquiry is did the trial evidence marry up to the indictment such that we can be confident that the defendant was convicted for separate conduct? And here we can because of several different reasons. One, we have a good jury instruction as to count one. Two, both of the jury instructions, the jury instruction 11 and jury instruction 12, say the jury has to be unanimous as to the image it finds violates the statute. And three, Judge Pratt, your question points out that here the evidence was presented such that there was no evidence of receipt as to the images on the Samsung tablet. The government did not try to prove receipt. Instead, it relied on the fact that the Samsung tablet was manufactured in Vietnam, and it proved possession. And that you can see at page the government's effort to show receipt as to the images on the other devices can be seen at ER-366. This is an example of the government showing when a file was either created or altered to show receipt, and that's what the government used to show receipt. And then Agent McFarland, one of the case agents, went through Exhibit 2C, which was a list of activity from the Dropbox account, and said these show you when these images were created or altered, and that's how we're showing receipt. That same effort was not made as to the three images that were specifically tied to the Samsung tablet. And so this is a case where the evidence did marry. Yeah, there Mr. Blick's argument really rests a lot on jury instruction 12 as being, I don't know that he says ambiguous, but not specific. So would you address that? Because much of what you're talking about really is that in the end the evidence, there's a very strong case for each of these counts. But what about the ambiguity that the jury might have been left with on instruction 12? So I think Teague in footnote 3 says the jury instruction isn't the only way we can ensure that an indictment that does charge separate conduct results in a conviction for separate conduct. It says that's not the only way. So even if you conclude that jury instruction 12 could have been clearer, and it could have been because it could have mentioned those other devices, that doesn't mean that the double jeopardy clause was violated here. But if you think it does mean that, you still go to the analysis of prejudice and follow Teague and say there was no prejudice here in light of the way the evidence was presented and the arguments. And I think the arguments aren't evidence, but they're a further way of understanding that the government presented this case, presented the evidence in this case, the testimony in this case, couldn't have led the jury to convict for receipt on the basis of the images on the Samsung tablet because we didn't attempt to prove that he received those images. What do you make of the use of predator in argument? I think in this case it was an accurate description of his conduct. It's a strong word, and I concede that. But there was evidence. The jury saw a number of video chats he'd had with a 14-year-old girl in California in which he did things like instructed her to call him daddy and called her princess. And in those images she's sitting on a bed with stuffed animals. We know the evidence shows that he had a copy of her graduation certificate from middle school from that year, so he knew she was quite young. And he convinced her to send him sexually explicit images, including an image of herself masturbating. And I think that is predatory behavior, and the prosecutor was allowed to call it that. But even if you disagree under the plain error analysis and the comment wasn't objected to, it does not give rise to a substantial probability that he would not have been convicted otherwise. Ms. Miller, what was the context? I really didn't understand the jury question that Judge Kuhnauer made a suggestion that he, Judge Kuhnauer, at least this is the impression I got, thought might help the defendant. The defendant said, I don't want to. What was that about? I didn't get the record clearly. So the jury asked for clarification, asked for the instruction as to count one, and said, are we supposed to look at possession only as to the Samsung tablet or otherwise? Okay. And the jury instruction was clear that it only applied to the Samsung tablet. And the government said, you can say that again, Judge, if there's any room for confusion. And the defendant said, don't say it again. The instruction is clear. Okay. Okay. And so he's waived, affirmatively waived any argument that that jury instruction was insufficiently clear. And it wasn't insufficiently clear because it specified the materials at issue. And a jury that went back and looked at it should have understood that. Okay. So that doesn't go in any way to the argument that they misunderstood that they had to base the conviction on separate conduct? I don't think so. Okay. I don't see anything in the question that suggests that. And even if it did, it really only goes to possession, and they've conceded that the possession instruction was fine. Their complaint is about the receipt instruction. Thank you. If the Court has no further questions. Appears not. Thank you. We ask that the judgment be affirmed. Thank you. I would like to briefly respond to the argument about the attorney arguments. That issue was also raised in Johnston, and it was rejected in Johnston for the exact same reason that I've argued, that it should be rejected here, which is that the jury was instructed that they should not consider arguments, either opening, closing, comments, questions, et cetera, to be evidence. It does provide a construct, even though it's not evidence. I mean, it's a way the jury can organize information, correct? Absolutely, Your Honor. But I think the issue in this case, in light of there's a solid history with this Court, starting with actually before even Davenport, but since Davenport, with Davenport, Jibberson, Shales, Shalaka, and Johnston saying, we're not going to make the jury engage in subtle, sophisticated legal analysis. The whole point of jury instructions is that juries are not lawyers, and that the Court has to give them instruction on what they need to do, and jury instruction 12 failed to do that, and therefore we cannot decide how. There was also not a – there could have been a verdict given in this case, saying in count one you find the defendant guilty on a tablet, a PC, whatever, and in count two do you find the defendant guilty based upon a tablet, PC, images from Dropbox, whatever. Again, that was not done. And the question that Judge Kunar talked about from the jury, again, as the government indicated, concerned the possession count and jury instruction 11, and it really is not relevant to the appellate's argument about multiplicity and the failure of instruction 12. So I actually – unless the Court has further questions, I have nothing further to argue. I appreciate that. Thank you. Thank you, Your Honor. Thank you both for your argument this morning and for the briefing. The case of United States v. Blick is submitted.
judges: Hawkins, McKeown, Harpool